# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-5105-17T3
A-5107-17T3

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

T.R. and J.R.,

     Defendants-Appellants.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF M.R. and H.R.,

     Minors.

_____

Submitted September 19, 2019 – Decided  September 26, 2019

Before Judges Alvarez and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FG-02-0035-17.

Joseph E. Krakora, Public Defender, attorney for appellant T.R. (Marina Ginzburg, Designated Counsel, on the brief).

Joseph E. Krakora, Public Defender, attorney for appellant J.R. (Phuong Vinh Dao, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason Wade Rockwell, Assistant Attorney General, of counsel; Jane S. Blank, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Joseph Hector Ruiz, Designated Counsel, on the brief).

PER CURIAM

Defendants T.R. and J.R. appeal from a June 22, 2018 order terminating their parental rights to two of their children, M.R. and H.R.[1] After an eight-day trial, Judge William R. DeLorenzo, Jr. issued a 133-page written opinion finding that the Division of Child Protection and Permanency (Division) had satisfied all four prongs of the best interests of the child test set forth in N.J.S.A. 30:4C-15.1(a), justifying termination of defendants' parental rights. We affirm.

Judge DeLorenzo's opinion reviewed the evidence in great detail. A summary will suffice here. T.R., the mother of the children, has a history of

---

[1] We use initials to protect the family's privacy.

untreated substance abuse and mental health issues. She had been unable or unwilling to provide a safe and stable home for her children for more than three years at the time of trial. The Division became involved when the family was facing imminent eviction from a home in disarray with no heat or hot water. The children were compelled to bathe at the homes of relatives, did not regularly attend school, were poorly supervised, and periodically suffered from food insecurity. T.R. displayed hoarding behavior, which contributed to a state of chaos in the home.

J.R., the father of the children and T.R.'s spouse, also lived in the home, but took no steps to assure the safety of the children, the payment of rent, the maintenance of the home, or the children's attendance at school. Although J.R. worked regularly, providing for the children's needs was not a priority for him. J.R. has a history of gambling and substance abuse. He admitted to being under the influence of cocaine and heroin while living with the children. He was treated successfully and, at the time of trial, his substance abuse was in remission. However, he tested positive for suboxone, a substance abuse medication, shortly before the trial and could not explain why he had ingested the drug. Defendants had a tumultuous relationship, including incidents of

domestic violence. The children were exposed to a violent episode between T.R. and her older daughter, who is not the subject of this appeal.

The Division removed the children from defendants' custody and placed them with a maternal relative. The resource parent has provided a stable and supportive home for the children. They have been attending school, where they are doing well, are participating in extracurricular activities, and have expressed a desire to remain with their resource parent, who wishes to adopt them. The children would like to remain in limited contact with their parents after adoption. The trial court found credible the resource parent's expressed intention to continue to permit visitation if she is allowed to adopt the children.

Although defendants were provided with liberal visitation rights, neither made a consistent effort to visit the children. T.R. relocated a number of times, including to California and Hawaii, to enroll in substance abuse programs. The record contains no evidence of T.R. having successfully completed any program. In addition, when T.R. was not enrolled in a program, her housing was unstable. She lived in various shelters and at one point reported she was sleeping on a California beach. J.R., although geographically close to the children, rarely visited them and refused to acknowledge that his inconsistent presence in their lives caused them harm. Although the resource parent provided each child with

a cellphone and permitted unlimited telephone and text communication between the children and their parents prior to the children's bedtime, neither T.R. nor J.R. maintained consistent contact with their children.

The defendants did not develop a realistic plan for reunification with the children, the provision of stable housing, or their long-term care. T.R. is unemployed, continues to struggle with substance abuse, does not take her psychiatric medications regularly, and does not have a permanent residence. Although J.R. has a home, he does not maintain consistent visitation with the children and continues to have a volatile relationship with T.R., with whom he has periodically lived.[2] The Division has repeatedly attempted to facilitate J.R.'s reunification with the children.

The trial court found credible expert testimony that the benefit of terminating defendants' parental rights to permit adoption by the resource parent would outweigh any harm visited on the children. The court accepted the expert opinion that while the children love their parents, they are aware that they cannot provide a safe and stable home for them and would be harmed by removal from the supportive environment provided by their resource parent.

---

[2] At one point, T.R. returned from California with a boyfriend. J.R. permitted his wife and her boyfriend to live in his home.

On appeal, T.R. argues the following points:

THE LOWER COURT ERRED IN TERMINATING [T.R.'S] PARENTAL RIGHTS BECAUSE THE STATE FAILED TO ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT TERMINATION WAS IN THE BEST INTERESTS OF THE CHILDREN UNDER N.J.S.A. 30:4C[-]15 AND N.J.S.A. 30:4C-15.1.

A. [T.R.'S] ACTIONS DID NOT AFFECT THE CHILDREN'S SAFETY, HEALTH OR DEVELOPMENT AND CONTINUING THE PARENT RELATIONSHIP WILL NOT ENDANGER THE CHILDREN AS CONTEMPLATED BY THE FIRST PRONG OF THE "BEST INTEREST[S]" TEST.

B. [T.R.] IS ABLE AND WILLING TO PROVIDE HER CHILDREN WITH A SAFE AND STABLE HOME AND THE DELAY OF PERMANENT PLACEMENT WILL NOT HARM THE CHILDREN AS CONTEMPLATED BY THE SECOND PRONG OF THE "BEST INTEREST[S]" TEST.

C. THE DIVISION DID NOT MAKE REASONABLE EFFORTS PURSUANT TO THE THIRD PRONG OF THE "BEST INTEREST[S]" TEST TO PROVIDE SERVICES TO THE FAMILY WHICH WOULD HELP [T.R.] CORRECT THE CIRCUMSTANCES WHICH RESULTED IN HER BEING SEPARATED FROM HER SON.

D. TERMINATION OF [T.R.'S] PARENTAL RIGHTS WILL CAUSE MORE HARM THAN GOOD TO [H.R.] AND [M.R.] AS CONTEMPLATED BY THE FOURTH PRONG OF THE "BEST INTEREST[S]" TEST AS IT WILL PERMANENTLY

SEVER[] THE CHILDREN'S TIES TO THEIR PARENTS.

J.R. raises the following points for our consideration:

THE RECORD DOES NOT CONTAIN SUBSTANTIAL CREDIBLE EVIDENCE THAT TERMINATION OF J.R.'S PARENTAL RIGHTS TO M.R. AND H.R. IS IN THEIR BEST INTERESTS, THEREFORE, THE TRIAL COURT'S JUDGMENT TERMINATING J.R.'S PARENTAL RIGHTS MUST BE VACATED.

I. THE TRIAL COURT ERRED WHEN IT FOUND THAT J.R.'S PARENTAL RELATIONSHIP PRESENTED A SUBSTANTIAL RISK OF HARM TO M.R. AND H.R.

II. THE TRIAL COURT WAS WRONG WHEN IT CONCLUDED J.R. WAS UNABLE OR UNWILLING TO MITIGATE THE HARM THAT MIGHT RESULT FROM REUNIFICATION.

III. THE TRIAL COURT ERRED IN CONCLUDING [THE DIVISION'S] SERVICES WERE REASONABLE TO SATISFY PRONG THREE.

IV. THE TRIAL COURT ERRED WHEN IT FOUND THAT M.R. AND H.R. WOULD BE HARMED FROM CONTINUED CONTACT WITH THEIR FATHER.

Our review of Judge DeLorenzo's decision is limited and deferential. We will not disturb a trial judge's factual findings so long as they are supported by substantial credible evidence. See N.J. Div. of Youth & Family Servs. v. R.G.,

217 N.J. 527, 552 (2014). We defer to the judge's evaluation of witness credibility and to his expertise in family court matters. Id. at 552-53.

After carefully reviewing the record in light of the applicable precedents, we conclude that substantial credible evidence supports Judge DeLorenzo's decision. There is no basis for us to disturb his well-reasoned determination that the Division has established by clear and convincing evidence that termination of defendants' parental rights was warranted. We therefore affirm the June 22, 2018 order for the reasons stated in the judge's comprehensive written opinion. Defendants' arguments are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION